UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI

In re: Maria Del Pilar Abadia                    CASE No:  12-30725-RAM
                                                 Chapter 13

Debtor. _____/


DEUTSCHE BANK NATIONAL TRUST COMPANY'S
RESPONSE TO DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY (ECF NO. 50)

Secured Creditor Deutsche Bank National Trust Company, as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A under the Pooling and Servicing agreement dated Jan 1, 2006, as serviced by OneWest Bank, FSB ("Movant") by and through its undersigned counsel, files its Response to Debtor's Motion to Value and Determined Secured Status of Lien on Real Property (ECF No. 50) and in support states as follows:

1.  Movant is a secured creditor in this case because it is the holder/servicer of a Note and Mortgage encumbering the property known as 445 Southwest 11 Street 403, Miami, FL 33130 and more specifically known as:

> Condominium Unit 403 of BRICKELL WEST, a condominium, according to the Declaration of Condominium thereof recorded November 8, 2005 in Official Records Book 23943, at Page 3044-3188 of the Public Records of Miami-Dade County, Florida.

2.  The Mortgage was duly perfected by filing of the Mortgage on January 4, 2006, in Book 24113, at Page 1806, of the Public Records of Miami-Dade County, Florida.

3.  Movant timely filed a Proof of Claim (Claim #3-1) on November 28, 2012 evincing a secured claim in the amount of $206,467.60, including secured arrearage in the amount of $73,616.80.

4.      On May 28, 2013, the Debtor filed their Motion to Value and Determined Secured Status of Lien on Real Property (ECF No. 50).  The Debtor proposes to value Movant's interest in the subject property at the amount of $57,000.00.

5.      Movant disputes Debtor's valuation of the property of $57,000.00 and asserts the valuation of the property is higher.  Movant intends to conduct its own appraisal and reserves the right to supplement this response accordingly.

**Movant holds the first Mortgage on the Debtor's principal residence and as a result is explicitly protected from modification by 11 U.S.C. §1322(b)(2).**

6.      It is established that the intent of Congress in enacting the anti-modification provision of §1322(b)(2) was to "encourage the flow of capital into the home lending market" by reducing risk to mortgagees, see Nobelman, 508 U.S. at 332.  Thus, we should look at the intent of the parties when they bargained for and entered into the security agreement. See In re Zaldivar, 10-34719-BKC-JKO (Bankr. S.D. Fla. 2011).

7.      Pursuant to Paragraph 6 of the Mortgage "Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument."

8.      Attached hereto as **Exhibit A**, find the Miami-Dade County property appraisal report evincing that the Debtor is currently claiming the Homestead Tax Exemption for the present year and previous two years.

9.      Further, upon reviewing the Debtor's statement of financial affairs there is no evidence that the Debtor has entered into a lease in regard to subject property or the property the Debtor is claiming as their current residence.

10.     Movant qualifies as a creditor whose claim is "secured" solely by an interest in property that is the debtors' principal residence within the meaning of 11 U.S.C. Section 1322 (b)(2). In re

Tanner, 2000 WL 966700 (11th Cir. 2000).  Therefore, Movant's claim is explicitly protected from modification by 11 U.S.C. Section 1322 (b)(2) and the Supreme Court of the United States decision in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S. Ct. 2106 (1993).

11.    Further, should the present Bankruptcy case be dismissed or converted to another Chapter of the Bankruptcy Code, Respondent's lien shall be reinstated so as to comply with the original terms of the note and mortgage, and any/all missed payments and arrearages shall be deemed due and owing.

WHEREFORE, Movant respectfully requests this Honorable Court overrule the Debtor's Motion to Value and Determined Secured Status of Lien on Real Property (ECF No. 50), and such further relief the Court deems just and proper.

By:  /s/  R. Mark Peery
R. Mark Peery   Bar ID No: 26766
Owen Hare   Bar ID No: 89053
Morris|Hardwick|Schneider, LLC
6 Nashua Court, Suite D
Baltimore, MD 21221
Phone: (410) 284-9600 Ext 15108
Email: ohare@closingsource.net
          mpeery@closingsource.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by electronic or standard first class mail this 19th day of June, 2013 to the following:

U.S. Trustee: Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

Chapter 13 Trustee: Nancy N Herkert, POB 279806, Miramar, FL 33027

Attorney for Debtor(s): Robert Pereda, Esq., 2525 Ponce de Leon Blvd #300, Miami, FL 33134
Email: robert@peredalaw.com

Debtor: Maria Del Pilar Abadia, 600 Biltmore Way #309, Miami, FL 33134

        By:  */s/  R. Mark Peery*
           R. Mark Peery   Bar ID No: 26766
           Owen Hare   Bar ID No: 89053
           Morris|Hardwick|Schneider, LLC
           6 Nashua Court, Suite D
           Baltimore, MD 21221
           Phone: (410) 284-9600 Ext 15108
           Email: ohare@closingsource.net
                   mpeery@closingsource.net