

## ORDERED in the Southern District of Florida on December 4, 2013.

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

**Maria Del Pilar Abadia**

Case No:   **12-30725-RAM**
Chapter 13

_____Debtor_____/

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY** *Deutsche Bank National Trust Company, as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-A under the Pooling and Servicing agreement dated Jan 1, 2006* **AND SERVICED BY** *Ocwen Loan Servicing, LLC*

Upon Agreement by the parties the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at , **445 SW 11th Street, #403, Miami, FL 33130**, and more particularly described as:

> **BRICKELL WEST CONDO, UNIT 403, UNDIV 2.857%, INT IN COMMON ELEMENTS, OFF REC 23943-3044, COC 24113-1804 12 2005 1**

is $ **57,000.00** at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of (creditor's name) (the "Lender") is  **N/A**
C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is **N/A**

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.
2. Lender has an allowed secured claim in the amount of $ **57,000.00**.

3. (Select only one):
   ☐  Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                                                                    Best Case Bankruptcy

       claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or
☒   Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of **$149,467.60** regardless of the original classification in the proof of claim as filed.

4. The Real Property may not be sold or refinanced without proper notice and further order of the Court.
5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.
6. Chapter 13 Plan to be amended to provide for interest at a rate of 5.5% for the balance of payments.
7. The loan is to remain escrowed. Should the Debtor fail to timely make payments to Secured Creditor in regard to the escrow payment, Secured creditor shall provide written notice to the Debtor and Debtor's counsel via a Notice of Default allowing twenty (20) days to cure the default.  Debtor may file a response to said Notice of Default within the twenty (20) day period and provide proof of payment within twenty (20) days of said response.  Absent a response by the Debtor to the Notice of Default, or failure to provide proof of payment within the twenty (20) day period as allowed herein, Secured Creditor may file an affidavit of Default with the Court. Upon filing of the Affidavit of Default, the Court shall grant the Lender In Rem Relief from the Automatic Stay, and the terms of the note and mortgage will be reinstated without further notice or hearing.

Submitted By:

**/s/ Robert Pereda**
**Robert Pereda 81985**

Address: **2525 Ponce De Leon Blvd.**
**Suite 300**, **Miami, FL 33134**
Phone: **305-200-8718**

Attorney for the Debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.